NOT DESIGNATED FOR PUBLICATION

No. 117,287

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARREN CURTIS HOWE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed August 10, 2018. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.

PER CURIAM: Darren Curtis Howe appeals his jury trial convictions and sentences for criminal sodomy and indecent liberties with a child. However, Howe's only claim on appeal is that the district court abused its discretion when it denied his second motion to admit prior sexual activity of the complaining witness after the jury was impaneled and before any evidence had been presented to the jury. We find no abuse of discretion, and we affirm.

1

In December 2013, the State charged Howe with aggravated indecent liberties with a child and criminal sodomy after his 14-year-old niece, A.O., accused Howe of forcing her to perform fellatio, penetrating her with his fingers, and trying to have sex with her. The incident occurred in September 2013. The State later amended its information charging Howe with rape or, in the alternative, aggravated indecent liberties with a child; aggravated criminal sodomy or, in the alternative, criminal sodomy; and aggravated indecent liberties with a child or, in the alternative, indecent liberties with a child.

On April 21, 2016, pursuant to the rape shield statute, see K.S.A. 2017 Supp. 21-5502, Howe's fourth appointed counsel moved to admit evidence of A.O.'s prior sexual activities with a boy her age and her lying about whether anything occurred because the allegation against Howe came shortly after A.O.'s mother told her she knew A.O. had sex with the boy. After a hearing, the district court ruled the evidence was relevant to show A.O.'s motive to fabricate the allegations against Howe. The district court allowed the evidence for the limited purpose of discussing A.O.'s denial of the conduct, her mother's later confirmation of the conduct, and the timing of the allegations against Howe. The district court specifically forbid Howe from dwelling on the details of A.O.'s sexual encounter with a boy her age.

On May 12, 2016, Howe's fifth attorney entered his appearance and moved to continue the jury trial set for May 17, 2016. The district court continued the trial until August 23, 2016.

The trial began at 9:30 a.m. on Tuesday, August 23. The district court asked both parties if they were ready for trial and Howe said he was. About six hours later, the jury was sworn in. Before opening statements, the State noted Howe's defense counsel had "mentioned" some work his investigator had done that may be subject to the rape shield

statute and made an oral motion to prevent discussion of this evidence during opening statements. The district court told Howe he "will need to have something filed. If it isn't, it's abandoned. And it may be too late anyway, but I will see what you have to say." Howe filed his motion and affidavit under the rape shield statute at 10:07 p.m. that night.

Howe's motion alleged A.O. had had consensual sex with a boy her age but when confronted by J.A., the boy's girlfriend, A.O. claimed she was raped. It also alleged she took nude pictures of herself and viewed pornography. He argued the evidence should be admitted to show A.O.'s reputation for untruthfulness, particularly about sexual activities. He also argued it showed her "gratuitous knowledge of sexual behavior." Finally, the motion identified the witnesses as A.O.'s "peers." The attached affidavit, signed by Howe's defense counsel, simply stated:

> "I the below signed certify and affirm the information contained in the Defendant's Motion to Admit Evidence under K.S.A. [2017 Supp.] 21-5502 is true to the best of my knowledge. The testimonial evidence would be provided by parties who have knowledge of the matter and would be brought in through those parties."

At the hearing on the motion just before the start of the second day of the trial, Howe apologized for the lateness of the motion. He clarified he did not have this information until the previous weekend and was unable to verify it until the Monday before trial. He explained the purpose of the evidence was to show A.O. had a history of untruthfulness about her sexual experiences and to explain her knowledge of the sexual acts she accused Howe of initiating. The State argued the motion was untimely and the affidavit did not comply with K.S.A. 2017 Supp. 21-5502. It also argued the evidence of nude photographs and viewing pornography were irrelevant, particularly since A.O. was a freshman in high school when the incident occurred so her sexual knowledge was not gratuitous. The State also noted its investigator spoke with J.A. the previous night and she told the investigator she never heard A.O. say she had been raped.

The district court denied the motion as untimely because the case was almost three years old. It also found Howe's evidence did not comply with the statute, finding: "But at this late date, I think an affidavit should be from the people that you are proffering this from. This is sort of thirdhand, at best." The district court found neither the nude photographs nor viewing of pornographic materials were relevant and concluded: "As far as this allegation that she may have talked about rape about somebody else, you haven't given me enough to even make a determination, and I am ruling that you have not followed the procedure and it is inadmissible." Howe noted his affidavit was similar to the affidavit filed in the previous motion to admit evidence under the rape shield statute. Still, the court determined the motion was untimely and the evidence was inadmissible.

The jury found Howe guilty of criminal sodomy and indecent liberties with a child. It acquitted him of all other charges. The district court sentenced Howe to 71 months' imprisonment for criminal sodomy and 32 months' imprisonment for indecent liberties with a child and ran the sentences concurrently.

ANALYSIS

*Howe's motion was untimely and insufficient.*

Howe argues the district court erred when it refused to grant his motion and conduct a hearing to consider the admissibility of A.O.'s prior sexual history. He contends the district court erred because the evidence he wished to introduce had only been recently discovered and the district court had granted a similar motion to admit evidence of A.O.'s prior sexual conduct.

K.S.A. 2017 Supp. 21-5502(b) restricts the admission of a sexual assault victim's previous sexual conduct with any person—including the defendant—unless the district court specifically finds it has relevance "and is not otherwise inadmissible as evidence." In

4

addition, K.S.A. 2017 Supp. 21-5502(b) requires a written motion, made at least seven days before trial, and an affidavit that includes an offer of proof of the previous sexual conduct. "Absent waiver by the district court, failure to file the required motion within the time specified by the statute precludes admission of the evidence at trial." *State v. Walker*, 252 Kan. 117, 134, 843 P.2d 203 (1992). This furthers the State's interest in protecting sexual assault victims, protects against surprise to the prosecution, and permits the district court to weigh the relevance and admissibility of the evidence. 252 Kan. at 134.

Here, the district court denied Howe's motion based on his failure to file his motion more than seven days before trial. It refused to waive the timeliness requirement, finding: "This case is in[to] three years old. Almost. We're about a month away from the 36th month. To come in[to] trial and have this and say, 'Well, we didn't know until now,' I don't find it excusable." The district court also noted the affidavit attached to the motion was insufficient to comply with the statute because the affidavit contained "thirdhand [information], at best."

A district court's decision to exclude evidence under the rape shield statute is subject to an abuse of discretion standard. *State v. Lackey*, 280 Kan. 190, 219, 120 P.3d 332 (2005), *overruled on other grounds by State v. Davis*, 283 Kan. 569, 158 P.3d 317 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

The district court did not abuse its discretion. Its denial of Howe's motion was not based on an error of law; as the record reflects, the district court understood it had the ability to waive the timeliness requirement. Similarly, the district court's denial was not based on an error of fact because Howe's motion was not filed seven days before trial.

Thus, the only questions is whether no reasonable person would take the view adopted by the trial court.

Howe argues the "obvious purpose" of the rape shield statute is to prevent surprise to the prosecution and, since the State was aware of his witnesses and had a contrary statement from one of the witnesses, there was no surprise. Howe contends *Walker* is distinguishable because he apologized for the lateness of the motion and explained the evidence only came to light over the preceding weekend. In *Walker*, the defendant moved to admit evidence of a prior consensual sexual relationship between his brother and the victim to show he believed the relationship was ongoing and consensual, so he could not be convicted of aiding and abetting his brother's rape and aggravated criminal sodomy. Walker filed his motion the day before trial and, without giving a reason for the denial, the district court denied the motion. On appeal, the Kansas Supreme Court affirmed, stating: "It was the defendant's unexplained failure to comply with the notice provision that precluded the district court from determining if the evidence was relevant and admissible. . . . We find no error in excluding the evidence." 252 Kan. at 135.

While *Walker* is not directly on point, it is not as distinguishable as Howe argues. Howe filed his motion after 10 p.m. on the first day of the trial, after the jury was impaneled and before any evidence had been presented. Walker did not explain the reason for the motion's untimeliness. Although Howe apologized for the lateness of the motion and suggested he only learned of the evidence over the weekend, he does not identify why he was unable to discover the evidence until the weekend before trial in a case pending for almost three years. Second, Howe discovered the evidence on August 19, 2016, but he did not file his motion until 10:07 p.m. on August 23, 2016. While Howe stated he was waiting to file the motion until he verified the evidence, there is no indication the district court was aware of the potential for the motion until after the jury was sworn in. Even then, Howe did not raise the issue. Instead, the State raised the issue through an oral motion in limine to prevent Howe from discussing the evidence, which potentially implicated the rape

shield statute, during opening statements. Although *Walker* is superficially distinguishable, Howe inadequately explained the reason for the delay in filing the motion.

Howe also argues the district court's rejection of the affidavit was unreasonable because it found a similar, earlier affidavit sufficient to support a hearing. The State apparently concedes the affidavits were "substantially similar." Still, as the State suggests, the district court focused on the lateness of the motion: "*But at this late date*, I think an affidavit should be from the people that you are proffering this from." (Emphasis added.) Additionally, neither Howe's motion nor his affidavit identify who would testify about the allegations made in his motion. It simply states the witnesses would be A.O.'s "peers." (Howe did identify three witnesses at the hearing on his motion.) The district court later noted: "As far as this allegation that she may have talked about rape about somebody else, you haven't given me enough to even make a determination, and I am ruling that you have not followed the procedure and that it will be inadmissible."

Despite Howe's arguments, a reasonable person could agree with the district court's decision to deny the motion as untimely. Howe filed his motion after the jury was impaneled instead of seven days before trial. He did not explain why he had not discovered the information contained in his motion, only suggesting he learned of the behavior the weekend before trial. Rather than notifying the district court when he discovered the information on Friday, Howe waited until after he verified the information on Tuesday before telling the district court of the potential motion. The motion and affidavit did not identify who would testify about the allegations in Howe's motion. The district court did not abuse its discretion when it denied Howe's motion as untimely and determined the attached affidavit was insufficient to support the motion.

Affirmed.

7